UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
STATE FARM FIRE AND CASUALTY
COMPANY,

                    Plaintiff,

        -against-

STAVROS KSINOS, ANTHONY
DALIAPES, and PARIS BANAGOS,

                  Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

24-cv-3393 (BMC)

**COGAN**, District Judge.

       This is a declaratory judgment action in which plaintiff State Farm seeks a judgment that it has no obligation to defend or indemnify its insured, defendant Stavros Ksinos, with respect to an underlying state court personal injury claim brought by defendant Anthony Daliapes against Ksinos and his co-defendant (both here and in the state court action), Paris Banagos. Daliapes's state court complaint alleges that Ksinos and Banagos intentionally assaulted Daliapes. Specifically, the state court complaint alleges that Ksinos and Banagos "assaulted, battered, attacked, punched, kicked, thrashed, shoved and pushed to the ground, and beat plaintiff Anthony Daliapes."[1]

       State Farm's complaint alleges that the terms of the policy it issued to Ksinos cover any "bodily injury" caused by an "occurrence." However, the definition of "bodily injury" excludes

---

[1] This is the second declaratory judgment action arising from Daliapes' state court complaint that I have resolved. The first was brought by Banagos's insurance carrier for a declaration that Banagos was not covered, which I found on summary judgment. Adirondack Insurance Exchange v. Banagos, No. 20-cv-4292, 2022 WL 596615 (E.D.N.Y. Jan. 6, 2022).

any injury resulting from a "willful or malicious act of the insured." Based on that definition of "bodily injury" and the allegations against Ksinos in Daliapes's state court action, State Farm maintains that it has no obligation to defend or indemnify Ksinos.

All three defendants are in default, and State Farm has moved for a default judgment. An attorney for Ksinos filed a notice of appearance but did not timely respond to the summons and complaint; the notice of appearance entitled Ksinos to receive notice of subsequent proceedings, which he has received, but it does not by itself forestall default proceedings in light of his failure to answer or move. See Fed. Home Loan Mortg. Corp. v. Ambassador Assocs., L.P., No. 05-cv-6546, 2006 WL 2873641, at *4 (W.D.N.Y. Oct. 6, 2006) (entering default judgment against entities that appeared and entered waivers but failed to answer or move against the complaint). The Clerk, accordingly, has entered the default of all three of defendants pursuant to Fed. R. Civ. P. 55(a). Ksinos has not responded to the motion for a default judgment.

Where declaratory relief is requested, a plaintiff seeking a default judgment must follow Fed. R. Civ. P. 55 and establish entitlement to the requested relief based on the facts established by the default. See PHL Variable Ins. Co. v. Bimbo, No. 17-cv-1290, 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018). A default constitutes the defendants' admission to all the well-pleaded allegations in the complaint pertaining to liability. A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022). Once the court ensures that the plaintiff took all mandatory steps in moving for a default judgment and has established a right to a declaration against the defendants, a default declaratory judgment may be entered. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

State Farm is entitled to declaratory relief. I might have preferred that it provide me with the state court complaint and the policy in question (neither of which it did) to support the

2

summary of those documents contained in the complaint, but I see no legal requirement that it do so, and since defendants have chosen not to defend the case, it is not incumbent on me to hunt for defenses they might have raised had they so chosen. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015) ("[t]here is something wrong when a case or controversy, to the extent that it exists, is principally between a plaintiff and the judge[ ] deciding the case." (Korman, D. J., concurring in part and dissenting in part). The description of those documents in State Farm's complaint makes it clear that the policy did not cover intentional assault and that is what Daliapes is complaining about. The scope of the policy's definition of "bodily injury" to exclude willful assault also comports with experience and common sense.

Accordingly, State Farm's motion for a default judgment is granted. A declaratory judgment will issue separately.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
December 2, 2024